**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE CHEROKEE NATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAYMOND NASH, et al., )<br>)<br>Defendants. ) | Case No. 11-CV-648-TCK-TLW |

**OPINION AND ORDER**

Before the Court is a "Motion for Emergency Restraining Order" (Doc. 203) ("Motion"), filed by non-party Robin Mayes on Friday, June 14, 2013. Mr. Mayes filed a Motion to Intervene (Doc. 202) on June 1, 2013, which is not yet fully briefed.

**I.     Factual Background**

Plaintiff, the Cherokee Nation (the "Nation"), is holding an election this Saturday, June 22, 2013, and Mr. Mayes is a candidate for an at-large council seat in this election. Mr. Mayes alleges that the Nation, "by and through its Citizenship Registration Department, is restricting the 'Cherokee Freedmen' from registering as Cherokee Citizens which affects their right to vote" in the upcoming election. (Mot. for Emergency Restraining Order at 2.) According to Mr. Mayes, this practice "circumvents the Order of the United States District Court for District of Columbia." (*Id.*) More specifically, Mr. Mayes argues that "[a]lthough the [Nation] and the Freedmen class Defendants have entered into an agreement . . . to allow the Freedmen to enjoy all rights and benefits of other Cherokee Nation Citizens, the Plaintiff is not processing any new applications for Freedmen descendant registration as Cherokee Nation Citizens." (*Id.* at 4-5.)[1] As injunctive relief, Mr. Mayes

---

[1] Mr. Mayes does not cite, reference, or attach the "Order" that the Nation is allegedly violating. The Court assumes that Mr. Mayes is referring to an agreed Order submitted by the parties and signed by Judge Kennedy on September 21, 2011, when this case was pending in the

seeks an order restraining the Nation "from neglecting, failing and/or refusing to process citizenship registration applications and or requests from descendents [sic] of the Cherokee Freedmen and from failing to allow those applicants to vote in the upcoming June 22, 2013 Cherokee Nation Council Election." (*Id.* at 1.)

## II.     Motion for Emergency Restraining Order

Because the parties have received notice of Mr. Mayes' Motion, the Court construes the Motion as a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). "To prevail on a motion for a preliminary injunction, the movant must establish that four equitable factors weigh in [his] favor: (1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Beltronics USA, Inc. v. Midwest Inventory Dist'n, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

Assuming Mr. Mayes will be granted some type of intervenor status,[2] the Court finds that he is not substantially likely to succeed on the merits of his claim that the Nation's alleged practices violate the Order entered in this case on September 21, 2011. In relevant part, the Order provides:

> The Cherokee Nation is ordered to, notwithstanding any provision of tribal law to the contrary: Pending disposition of the case or further order of the Court, ensure that all

---

D.C. district court. (*See* Doc. 81.)

[2] Ordinarily, the Court would not rule on the motion for preliminary injunction until after ruling on the motion to intervene. However, the June 22, 2013 election is imminent, and there is insufficient time for briefing on the motion to intervene. Therefore, the Court assumes, for purposes of this motion only, that Mr. Mayes is entitled to request injunctive relief in this case.

> Cherokee Freedmen *who were enrolled as citizens as of August 22, 2011*, are recognized as citizens of the Cherokee Nation.
>
> . . .
>
> Pending disposition of this case or further order of the Court, ensure that *all Cherokee Freedmen citizens* have access to and receive rights and benefits on the same terms as any other Cherokee citizen.

(09/21/11 Order, Doc. 81 (emphases added).)[3] The parties' agreement is silent as to how the Nation must handle new or pending applications for citizenship by Freedmen descendants. All of Mr. Mayes' complaints relate to the Nation's failures to take actions on citizenship *applications*, rather than the Nation's treatment of Freedmen descendants who were already enrolled as citizens as of August 22, 2011. Further, if an application for citizenship is pending, such applicants would not be considered "Cherokee Freedmen citizens" because their citizenship status has not yet been resolved. Therefore, Mr. Mayes is not likely to succeed on the merits of his underlying claim, and Mr. Mayes is not entitled to preliminary injunctive relief.[4]

---

[3] These are the two general provisions in the Order. The remainder of the Order, and a second agreed Order entered September 27, 2011, pertain specifically to the 2011 election. (*See* Docs. 81, 82.)

[4] If and to the extent Mr. Mayes argues that the Nation's alleged practices should be enjoined because they violate the Treaty of 1866, this is the subject of the ongoing legal battle between the parties. The Court has no intention of addressing the substantial likelihood of success of this claim via a motion for preliminary injunction filed by a non-party, while circumventing briefing procedures agreed to by the parties.

Non-party Mr. Mayes' "Motion for Emergency Restraining Order" (Doc. 203) is DENIED. The Court finds it unnecessary to order responsive briefing or to conduct an evidentiary hearing, and Mr. Mayes' Motion for Hearing (Doc. 204) is DENIED. If the Motion to Intervene (Doc. 202) is moot in light of this Order or the election held June 22, 2013, Mr. Mayes shall withdraw such motion no later than Wednesday, June 26, 2013.

**SO ORDERED** this 18th day of June, 2013.

_____
**TERENCE C. KERN**
**United States District Judge**